FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2013 JAN 11  AM 10: 26

CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR 4 1 3 - 0 0 3 |
| | ) | INDICTMENT NO. _____ |
| | ) | |
| v. | ) | VIO:  18 U.S.C. § 371 |
| | ) | Conspiracy |
| | ) | |
| HEYS EDWARD MCMATH III, | ) | 18 U.S.C. § 1344 |
| | ) | Bank Fraud |
| STEPHEN MICHAEL LITTLE, | ) | |
| | ) | 18 U.S.C. § 656 |
| ROBERT WILSON DAILEY, | ) | Misapplication of Bank |
| | ) | Funds |
| JAY PATRICK GARDNER, | ) | |
| | ) | 18 U.S.C. § 1005 |
| ISAAC JEFFERSON MULLING, | ) | False Entry in Bank Records |
| | ) | |
| ALAN ROBERT FLEMING, and | ) | 18 U.S.C. § 1014 |
| | ) | False Statements to Influence |
| JEFFREY ALLEN FARRELL, | ) | Bank |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## THE GRAND JURY CHARGES THAT:

### COUNT 1

*Conspiracy*

*18 U.S.C. § 371*

1.     Beginning in or around 2007, the exact date being unknown to the Grand Jury,

and continuing through on or about June 25, 2010, in Chatham County, within the Southern

1

District of Georgia, and elsewhere, the Defendants:

**HEYS EDWARD MCMATH III,**

**STEPHEN MICHAEL LITTLE,**

**ROBERT WILSON DAILEY,**

**ISAAC JEFFERSON MULLING,**

**JAY PATRICK GARDNER,**

**ALAN ROBERT FLEMING, and**

**JEFFREY ALLEN FARRELL,**

did knowingly and willfully combine, conspire, confederate and agree with each other and with

others both known and unknown to commit offenses against the United States, that is:

(a)     to knowingly execute and attempt to execute a scheme and artifice
to defraud First National Bank and other federally insured financial
institutions and to obtain moneys under the custody and control of
First National Bank and other federally insured financial
institutions by means of false and fraudulent pretenses,
representations and promises, in violation of Title 18, United
States Code, Section 1344;

(b)     to misapply money, funds and credits of First National Bank and
other federally insured banks in violation of Title 18, United States
Code, Section 656;

(c)     to submit false entries, books, reports and statements to First
National Bank and agents and examiners appointed to examine the

2

affairs of First National Bank, in violation of Title 18, United

States Code, Section 1005; and,

(d)     to knowingly make false statements for the purpose of influencing

the action of First National Bank and other federally insured

financial institutions upon an application, loan and any change,

extension and renewal thereof in violation of Title 18, United

States Code, Section 1014.

## BACKGROUND

At all times material to this Indictment:

2.       First National Bank was a national bank headquartered in Chatham County,

Georgia, whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC").

First National Bank offered personal and business banking services, including loaning money in

exchange for interest and fees.  First National Bank was a wholly owned subsidiary of First

National Corporation, a bank holding company regulated by the Federal Reserve.  On or about

June 25, 2010, First National Bank failed and was taken over by the FDIC as receiver.

3.       Defendant **HEYS EDWARD MCMATH III** was the President, Chief Executive

Officer, a member of the Board of Directors, a member of the loan committee, and a significant

shareholder of First National Bank.

4.       Defendant **STEPHEN MICHAEL LITTLE** was the Executive Vice President,

Chief Financial Officer, a member of the Board of Directors, a member of the loan committee,

and a significant shareholder of First National Bank.

5.       Defendant **ROBERT WILSON DAILEY** was the City President, the Senior

3

Lending Officer and a member of the loan committee of First National Bank.

6.      Defendant **JAY PATRICK GARDNER** was a Vice President, Chief Credit Officer and a member of the loan committee of First National Bank.

7.      Defendant **ISAAC JEFFERSON MULLING** was a Senior Vice President and commercial loan officer of First National Bank.

8.      Defendant **ALAN ROBERT FLEMING** was the City President of the Tybee Island branch and a commercial loan officer of First National Bank.

9.      Defendant **JEFFREY ALLEN FARRELL** was the City President of the Richmond Hill branch and a commercial loan officer of First National Bank.

10.     First National Bank's commercial lending activities included multi-million dollar loans made to enable borrowers to buy and develop large tracts of real estate for both commercial and residential development.

11.     Under federal law, First National Bank was limited in the amount of money it could loan to a single borrower or to a combination of related borrowers. A bank's "legal lending limit" was based, in part, on a percentage of the bank's total capital.

12.     First National Bank transferred, or "participated," some of its loans, in whole or in part, to other federally insured banks. A bank that decided to participate in a loan that First National Bank originated would fund some or all of the principal amount of the loan around the time of the loan closing or sometime after.

13.     From 2004 through 2008, First National Bank expanded rapidly, in part due to the size of commercial real estate loans made to developers in and around the Savannah area. In 2004, First National Bank's loans totaled approximately $80 million; by the end of 2008, the

4

bank's loans exceeded $210 million.  Many of First National Bank's commercial real estate loans were funded and administered in an unsafe and unsound manner, often without regard to the Bank's own internal controls and policies.

14.     The economy experienced a significant downturn in or around 2007, due in part to the collapsing real estate market.  Many commercial real estate developers who previously had little difficulty borrowing money from First National Bank began to default and fall behind on their loan payments.  These non-performing loans and potential foreclosures caused First National Bank's financial condition to deteriorate.

15.     The Defendants, aided and abetted by each other and by others, schemed to hide from First National Bank, members of the bank's Board of Directors and from federal regulators millions of dollars in non-performing loans.  In part, the Defendants' scheme was carried out by: fraudulently diverting moneys loaned to unqualified third-parties to make interest and other payments on other non-performing loans; enticing others to take over non-performing loans with hidden promises, side deals and other terms unfavorable to First National Bank; and, recruiting other federally-insured banks to participate in certain non-performing loans based upon false and fraudulent misrepresentations as to the performing status and quality of the loans.  In order to accomplish their scheme, the Defendants, aided and abetted by each other, made and caused to be made numerous false, fabricated and fraudulent bank documents, entries and reports.

16.     First National Bank was regulated by the Office of the Comptroller of the Currency ("OCC") of the United States Department of the Treasury.  The OCC was an agency of the United States government responsible for preserving the integrity of the banking system.

17.     First National Bank was required to file a Report of Condition and Income,

5

commonly referred to as a "Call Report," with the OCC at the end of each banking quarter. Call Reports set forth financial data about a bank's financial condition as the result of its operations for that quarter. First National Bank was also required to submit to periodic examinations by the OCC. During these examinations, the OCC reviewed First National Bank's books and records to ensure that the bank's activities were accurately recorded and that the bank's lending practices were safe and sound.

18.     Leading up to and during the OCC's March, 2009 examination of First National Bank, the Defendants, aided and abetted by each other and others, provided and caused to be provided false and fraudulent information to the OCC which made it appear that First National Bank's commercial lending activities were safe and sound and that the bank was in good financial condition.

19.     However, during the March, 2009 examination, bank examiners with the OCC uncovered numerous unsafe and unsound banking practices and determined that First National Bank's records materially misrepresented the financial condition of the Bank. As a result of the OCC's findings, First National Bank was designated as a bank in "troubled condition," and was required to, among other things, restate its earnings and raise additional capital, in order to avoid being shut down.

20.     Efforts to prevent the failure of First National Bank were unsuccessful, leading to the seizure of the Bank and appointment of the FDIC as receiver on or about June 25, 2010. First National Bank's failure will cost the federal deposit insurance fund over $90 million.

6

21.   MANNER AND MEANS OF THE CONSPIRACY

Third-Party "Nominee" Loans

(a)   It was part of the conspiracy that some of the coconspirators, aided and abetted by each other, would arrange for third-parties to obtain nominee loans from First National Bank, the proceeds of which, instead of being used for the purpose as falsely reflected in the bank's records, would be used in part to cover cash shortfalls on millions of dollars of non-performing commercial real estate loans held by borrowers who had reached their legal lending limit and who were unable to make timely payments. A nominee loan is a loan in the name of one party that is intended for use by another party.

(b)   It was further part of the conspiracy that some of the coconspirators, aided and abetted by each other, would provide false and fraudulent information and loan documentation to First National Bank in order to conceal: (i) the inability of third-parties to qualify for the loans; (ii) the true purpose of the loans; (iii) the intended use of the loan proceeds; and, (iv) the source of repayment.

( c)   It was further part of the conspiracy that some of the coconspirators would approve nominee loans and renewals of these loans, knowing the true purpose and intended use of the nominee loan proceeds and that the documentation submitted in support of these loans was false and fraudulent;

(d)   It was further part of the conspiracy that some of the coconspirators, aided and abetted by each other, would misapply First National Bank funds from the nominee loans to cover cash shortfalls and disguise delinquencies on other non-performing loans;

<u>Loans with Hidden Side Agreements</u>

(e)     It was further part of the conspiracy that some of the coconspirators would recruit First National Bank customers to take over non-performing commercial real estate loans held by developers who had reached their legal lending limit, or who were unable to make timely payments;

(f)     It was further part of the conspiracy that some of the coconspirators, aided and abetted by each other, would provide new loans to allow bank customers to take over non-performing commercial real estate loans;

(g)     It was further part of the conspiracy that some of the coconspirators would provide loan terms to customers taking over non-performing commercial real estate loans that were very favorable to the customers and unfavorable to First National Bank, including: (i) agreements that, at no loss to the customer, the bank would buy back the collateral for the loan in the event the collateral could not eventually be sold by the customer; (ii) agreements that the customers would not have to make any down payments or pay any fees for the loan; (iii) agreements to reduce interest rates on the customers' other loans with the bank; (iv) agreements to establish an interest reserve at the bank to relieve the customer of any obligation to make monthly interest payments; (v) agreements that the loans would be for a short period of time, and then taken over by other customers; (vi) agreements that the customers would not lose any money by taking over the non-performing loans.

(h)     It was further part of the conspiracy that some of the coconspirators, aided and abetted by each other, would provide written confirmation of the hidden side deals to customers who agreed to take over non-performing commercial real estate loans, which

confirmations were not reflected as part of the bank's records;

   (i) It was further part of the conspiracy that some of the coconspirators, aided and abetted by each other, would provide false and fraudulent information and loan documentation to First National Bank in order to hide and conceal the unfavorable side deals made to customers taking over non-performing commercial real estate loans;

   (j) It was further part of the conspiracy that some of the coconspirators, aided and abetted by each other, would conceal and hide updated appraisals that revealed that the value of the collateral for loans provided to bank customers was far less than the loan proceeds provided by First National Bank;

   (k) It was further part of the conspiracy that some of the coconspirators, aided and abetted by each other, would recommend and approve loans to customers of First National Bank for the purpose of taking over other non-performing loans, knowing that the documentation and bank entries relating to the loans were misleading, false and fraudulent;

<u>Participation Loans</u>

   (l) It was further part of the conspiracy that some of the coconspirators, aided and abetted by each other, would sell participations to other FDIC insured financial institutions in loans made to commercial real estate developers by First National Bank;

   (m) It was further part of the conspiracy that some of the coconspirators, aided and abetted by each other, would provide misleading, false and fraudulent information to participating banks to induce these banks to participate in certain non-performing loans;

   (n) It was further part of the conspiracy that some of the coconspirators, aided and abetted by each other, would misapply participating bank funds by transferring said funds to

9

make payments on other loans made by First National Bank;

<u>False and Fraudulent Bank Records Submitted to OCC</u>

(o)     It was further part of the conspiracy that some of the coconspirators, aided and abetted by each other, would submit and caused to be submitted false, fraudulent and misleading Call Reports to the OCC concerning the financial condition of First National Bank;

( p)     It was further part of the conspiracy that some of the coconspirators, aided and abetted by each other, would provide and cause to be provided to the OCC false, fraudulent and misleading bank records during the OCC's March, 2009 examination of First National Bank;

(q)     It was further part of the conspiracy that some of the coconspirators, aided and abetted by each other, would direct others to create false and fraudulent promissory notes in an effort to conceal from the OCC the nature of several fraudulent loans.

22.     <u>OVERT ACTS</u>

In furtherance of the conspiracy and to effect the illegal objects of the conspiracy, the following overt acts, among others, were committed in Chatham County, within the Southern District of Georgia, and elsewhere:

(a)     On or about April 16, 2008, Defendant **Isaac Jefferson Mulling**, aided and abetted by other coconspirators, prepared and submitted to First National Bank false and fraudulent loan approval documents with regard to a proposed $1,123,000 loan to KC.

(b)     On or about April 18, 2008, Defendants **Heys Edward McMath III and Isaac Jefferson Mulling** caused First National Bank to loan KC $1,123,000 to take over a non-performing loan with First National Bank, under hidden terms that were unfavorable to the bank.

(c)     On or about May 19, 2008, Defendant **Alan Robert Fleming**, aided and

10

abetted by other coconspirators, prepared and submitted to First National Bank false and fraudulent loan approval documents with regard to a proposed $74,000 loan to AS.

(d)     On or about May 20, 2008, Defendants **Heys Edward McMath III, Stephen Michael Little, Robert Wilson Dailey and Jay Patrick Gardner**, aided and abetted by each other, approved the $74,000 loan to AS, knowing that the true nature, purpose and terms of the loan were fraudulently misrepresented and concealed in the books and records of First National Bank.

(e)     On or about June 19, 2008, Defendant **Alan Robert Fleming** knowingly misapplied moneys and funds of First National Bank of Nassau County, Florida, an FDIC insured financial institution, to make payments on a separate loan held by First National Bank.

(f)     On or about August 12, 2008 and February 10, 2009, Defendants **Heys Edward McMath III, Stephen Michael Little, Robert Wilson Dailey and Jay Patrick Gardner** approved renewals of the AS loan, knowing that the true nature, purpose and terms of the loan were fraudulently misrepresented and concealed in the books and records of First National Bank.

(g)     On or about August 25, 2008, Defendant **Heys Edward McMath III** made material false and fraudulent misrepresentations to First Citizens Bank, an FDIC insured financial institution, as to the performing status and quality of a non-performing First National Bank loan.

(h)     From in or around October through December of 2008, Defendants **Heys Edward McMath III, Isaac Jefferson Mulling, Alan Robert Fleming** and **Robert Wilson Dailey**, aided and abetted by each other, caused First National Bank to loan PDJ over $1.2

million to take over other non-performing loans with First National Bank, under hidden terms that were unfavorable to the bank.

(i)     On or about October 21, 2008, Defendants **Alan Robert Fleming** and **Isaac Jefferson Mulling**, aided and abetted by each other and other coconspirators, prepared, submitted, and caused to be prepared and submitted to First National Bank false and fraudulent loan approval documents with regard to proposed loans to PDJ.

(j)     On or about November 6, 2008, Defendants **Alan Robert Fleming** and **Heys Edward McMath III**, aided and abetted by each other, misapplied $48,000 of First National Bank funds, the purported proceeds of a First National Bank loan to MD.

(k)     From on or about November 14, 2008, through November 26, 2008, Defendant **Alan Robert Fleming**, aided and abetted by other coconspirators, prepared and submitted to First National Bank false and fraudulent loan approval documents with regard to a proposed $698,000 loan to RC, LLC.

(l)     On or about November 18, 2008, Defendants **Heys Edward McMath III**, **Stephen Michael Little**, **Robert Wilson Dailey and Jay Patrick Gardner**, aided and abetted by each other, approved the $698,000 loan to RC, LLC, knowing that the true nature, purpose and terms of the loan were fraudulently misrepresented and concealed in the books and records of First National Bank.

(m)     In or around December of 2008, Defendants **Heys Edward McMath III and Isaac Jefferson Mulling**, aided and abetted by each other, caused First National Bank to loan WLP, a business organization over which CS had control, approximately $3 million to take over a non-performing loan with First National Bank, under hidden terms unfavorable to the

bank.

(n)     On or about December 3, 2008, Defendant **Isaac Jefferson Mulling**, aided and abetted by other coconspirators, prepared and submitted to First National Bank false and fraudulent loan approval documents with regard to a proposed loan to WLP.

(o)     On or about December 11, 2008, Defendant **Robert Wilson Dailey**, aided and abetted by other coconspirators, prepared and submitted to First National Bank false and fraudulent loan approval documents with regard to a proposed loan to PH LLC.

(p)     On or about December 12, 2008, Defendants **Heys Edward McMath III and Robert Wilson Dailey**, aided and abetted by each other, caused First National Bank to loan PH LLC, a business organization over which DT had control, $193,000 to take over other non-performing loans with First National Bank, under hidden terms that were unfavorable to the bank.

(q)     In or around December of 2008, Defendants **Heys Edward McMath III and Robert Wilson Dailey**, aided and abetted by each other, caused First National Bank to loan JF approximately $1.4 million to take over another non-performing loan with First National Bank, under hidden terms that were unfavorable to the bank.

(r)     On or about December 29, 2008, Defendant **Robert Wilson Dailey**, aided and abetted by other coconspirators, prepared and submitted to First National Bank false and fraudulent loan approval documents with regard to a proposed loan to JF.

(s)     In or around January of 2009, Defendant **Stephen Michael Little** caused to be submitted to the OCC a Call Report which contained false and fraudulent misrepresentations concerning the financial condition of First National Bank.

13

(t)     On or about January 29, 2009, Defendants **Alan Robert Fleming** and **Heys Edward McMath III**, aided and abetted by each other, misapplied $19,500 of First National Bank funds, which were purportedly the proceeds of a First National Bank loan to GS.

(u)     On or about January 30, 2009, Defendant **Jeffrey Allen Farrell**, aided and abetted by other coconspirators, prepared and submitted to First National Bank false and fraudulent loan approval documents with regard to proposed loans to DW totaling approximately $675,000.

(v)     On or about January 30, 2009, Defendants **Heys Edward McMath III, Stephen Michael Little, Robert Wilson Dailey and Jeffrey Allen Farrell**, aided and abetted by each other, caused First National Bank to loan DW approximately $675,000 to take over another non-performing loan with First National Bank, under hidden terms that were unfavorable to the bank.

(w)     On or about February 9, 2009, Defendant **Alan Robert Fleming**, aided and abetted by other coconspirators, prepared and submitted to First National Bank false and fraudulent loan approval documents with regard to a proposed $230,000 loan to WW.

(x)     On or about February 10, 2009, Defendants **Heys Edward McMath III, Stephen Michael Little, Robert Wilson Dailey and Jay Patrick Gardner**, aided and abetted by each other, approved the $230,000 loan to WW, knowing that the true nature, purpose and terms of the loan were fraudulently misrepresented and concealed in the books and records of First National Bank.

(y)     From in or around February and March of 2009, **Alan Robert Fleming** and **Heys Edward McMath III**, aided and abetted by each other, directed developer RG to

14

prepare false and fabricated promissory notes, all in an effort to hide and conceal from First National Bank and the OCC the true nature, purpose and terms of the loans to AS, RC LLC and WW.

       (z)     On or about March 9, 2009, the Defendants, aided and abetted by each other and by others, provided false and fraudulent records to the OCC during the OCC's March, 2009 examination of First National Bank.

       (aa)    On or about March 23, 2009, Defendants **Heys Edward McMath III and Isaac Jefferson Mulling** made materially false and fraudulent misrepresentations to Montgomery Bank & Trust, an FDIC insured financial institution, in an effort to cause Montgomery Bank & Trust to participate in a non-performing and delinquent loan.

All done in violation of Title 18, United States Code, Section 371.

## COUNTS 2 THROUGH 9

*Bank Fraud*

*18 U.S.C. § 1344*

23.    Paragraphs 1 through 22 of the Indictment are incorporated by reference as if fully set forth herein.

24.    Beginning in or around May, 2008 and continuing through in or around March, 2009, in Chatham County, within the Southern District of Georgia, and elsewhere, the Defendants,

**HEYS EDWARD MCMATH III,**

**STEPHEN MICHAEL LITTLE,**

**ROBERT WILSON DAILEY,**

15

**ISAAC JEFFERSON MULLING,**

**JAY PATRICK GARDNER, and**

**ALAN ROBERT FLEMING,**

aided and abetted by each other and by others, knowingly executed and attempted to execute a

scheme and artifice to defraud First National Bank and other federally insured banks and to

obtain moneys under the custody and control of the First National Bank and other federally

insured banks by means of false and fraudulent pretenses, representations and promises, using the

manner and means identified below, which manner and means were material to the scheme and

artifice.

<u>The Houston and Habersham Developments</u>

25.    First National Bank loaned approximately.$7 million to development companies

controlled by RG for the purpose of developing two commercial properties on Houston and

Habersham Streets in downtown Savannah.  First National Bank sold portions of these loans to

other FDIC insured financial institutions.  By the spring of 2008, RG had received a distribution

of far more of the loan proceeds than was justified by the little development of the Houston

Street and Habersham Street properties.  At this time, RG became unable to continue making

payments on the loans and First National Bank had reached its legal lending limit as to RG and

related individuals and entities.

<u>Manner and Means of the Scheme and Artifice</u>

26.    The manner and means through which the Defendants executed and attempted to

execute the scheme and artifice consisted of the following:

(a)    It was part of the scheme and artifice that Defendants **Heys Edward**

**McMath III** and **Alan Robert Fleming**, aided and abetted by each other, would direct RG to identify third-party nominees who would be extended loans by First National Bank;

(b)    It was further part of the scheme and artifice that proceeds of the loans extended to third-parties identified by RG would be used to make payments on the RG loans with First National Bank, so that it would falsely appear that the RG loans were performing.

( c)    It was further part of the scheme and artifice that RG would identify AS, MD and WW, none of whom qualified for the loans they would be extended by First National Bank.

(d)    It was further part of the scheme and artifice that Defendant **Alan Robert Fleming,** aided and abetted by others, would prepare and submit false, fraudulent and misleading loan documentation to First National Bank relating to loans proposed for AS, MD, RC LLC and WW, all in an effort to conceal: (i) the inability of the individuals to qualify for the loans; (ii) the true purpose of the loans; (iii) the intended use of the loan proceeds; and, (iv) the source of the loans' repayment.

(e)    It was further part of the scheme and artifice that **Heys Edward McMath III, Stephen Michael Little, Robert Wilson Dailey and Jay Patrick Gardner**, aided and abetted by each other, would approve loans to AS, RC LLC and WW, and loan renewals to the same, knowing that the true nature, purpose and terms of the loans were fraudulently misrepresented and concealed in the books and records of First National Bank, and that the proceeds of the loan were to be used to fund the non-performing loans relating to RG's Houston and Habersham developments.

(f)    It was further part of the scheme and artifice that Defendants **Heys**

17

**Edward McMath III** and **Isaac Jefferson Mulling**, aided and abetted by each other, would provide false, fraudulent and misleading information to First Citizens Bank and Montgomery Bank and Trust, both FDIC insured financial institutions, to induce the banks to participate in the over $5 million loan relating to the Habersham Street development.

27.     On or about the dates identified below, each date constituting a separate Count, the Defendants identified below, aided and abetted by each other and others, using the manner and means identified above, knowingly executed and attempted to execute the scheme and artifice by causing the financial institutions identified to issue loans and renewals of loans identified.

| Count | Defendants | Financial Institution | Loan Transaction | Loan Amount |
|-------|-----------|----------------------|------------------|-------------|
| 2 | Heys Edward McMath III, Stephen Michael Little, Robert Wilson Dailey, Jay Patrick Gardner, Alan Robert Fleming | First National Bank | May 20, 2008 loan to AS | $74,532 |
| 3 | Heys Edward McMath III, Stephen Michael Little, Robert Wilson Dailey, Jay Patrick Gardner, Alan Robert Fleming | First National Bank | August 15, 2008 renewal of loan to AS | $74,782 |
| 4 | Heys Edward McMath III, Stephen Michael Little, Robert Wilson Dailey, Jay Patrick Gardner, Alan Robert Fleming | First National Bank | November 26, 2008 loan to RC LLC | $703,619 |

| Count | Defendants | Financial Institution | Loan Transaction | Loan Amount |
|---|---|---|---|---|
| 5 | Heys Edward McMath III | First Citizen's Bank | August 25, 2008 participation renewal in Habersham Street loan | $1,234,299 |
| 6 | Heys Edward McMath III | First Citizen's Bank | January 21, 2009 renewal of participation in Habersham Street loan | $1,234,299 |
| 7 | Heys Edward McMath III, Stephen Michael Little, Robert Wilson Dailey, Jay Patrick Gardner, Alan Robert Fleming | First National Bank | February 11, 2009 loan to WW | $232,032 |
| 8 | Heys Edward McMath III, Stephen Michael Little, Robert Wilson Dailey, Jay Patrick Gardner, Alan Robert Fleming | First National Bank | February 17, 2009 second renewal of AS loan | $75,044 |
| 9 | Heys Edward McMath III, Isaac Jefferson Mulling | Montgomery Bank & Trust | March 23, 2009 participation in Habersham Street loan | $1,000,000 |

19

All done in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT 10

*Misapplication of Bank Funds*

*18 U.S.C. § 656*

28.     Paragraphs 1 through 27 of the Indictment are incorporated by reference as if fully set forth herein.

29.     On or about June 19, 2008, in Chatham County, within the Southern District of Georgia, Defendant **Alan Robert Fleming**, being connected in some way with First National Bank of Nassau County, Florida, an FDIC insured financial institution and participant in the Houston Street loan, with the intent to defraud First National Bank of Nassau County, Florida, willfully misapplied over $1,000 in moneys and funds of First National Bank of Nassau County, Florida, in that Defendant **Fleming** caused First National Bank of Nassau County, Florida to fund a draw request for the Houston Street loan, which, rather than apply to the Houston loan as required, Defendant **Fleming** used to make payments on a separate First National Bank loan.

All done in violation of Title 18, United States Code, Section 656.

## COUNT 11

*Misapplication of Bank Funds*

*18 U.S.C. § 656*

30.     Paragraphs 1 through 29 of the Indictment are incorporated by reference as if fully set forth herein.

31.     On or about November 6, 2008, in Chatham County, within the Southern District of Georgia, Defendant **Alan Robert Fleming**, being an officer, agent and employee of First

20

National Bank, with the intent to defraud First National Bank, willfully misapplied moneys, funds and credits of First National Bank, in that Defendant **Fleming** caused the bank to fund a $48,000 loan purportedly to MD, knowing that the named debtor was unaware that his name was being used; and, knowing that the loan proceeds would not be used for the stated purpose.

All done in violation of Title 18, United States Code, Section 656.

## COUNT 12

*False Entries in Bank Records*

*18 U.S.C. § 1005*

32.    Paragraphs 1 through 31 of the Indictment are incorporated by reference as if fully set forth herein.

33.    On or about May 19, 2008, in Chatham County, within the Southern District of Georgia, Defendant **Alan Robert Fleming**, aided and abetted by others known and unknown, with the intent to defraud First National Bank, and to deceive the OCC and any agent and examiner appointed to examine the affairs of such financial institution, knowingly made and caused to be made a material false entry in the books, reports and statements of First National Bank, in that Defendant **Fleming** knowingly made and caused to be made the AS loan approval documents, which fraudulently misrepresented, omitted and concealed the ability of AS to qualify for the recommended loan, and the true nature, purpose and terms of loan, including the intended use of the loan proceeds.

All done in violation of Title 18, United States Code, Section 1005.

21

## COUNT 13

*False Statements to Influence Bank*

*18 U.S.C. § 1014*

34.      Paragraphs 1 through 33 of the Indictment are incorporated by reference as if fully set forth herein.

35.      On or about August 25, 2008, in Chatham County, within the Southern District of Georgia, Defendants **Heys Edward McMath III and Alan Robert Fleming**, aided and abetted by each other and by others, did knowingly make and cause to be made a material false statement to First Citizen's Bank, an FDIC insured financial institution, namely the false and fraudulent representation that there were no problems relating to the Habersham Street development loan, for the purpose of influencing the actions of First Citizen's Bank, namely to renew the $1,234,299.45 participation of First Citizen's Bank in the Habersham Street development loan.

All done in violation of Title 18, United States Code, Section 1014 and 2.

## COUNT 14

*False Entries in Bank Records*

*18 U.S.C. § 1005*

36.      Paragraphs 1 through 35 of the Indictment are incorporated by reference as if fully set forth herein.

37.      From on or about November 14, 2008, through November 26, 2008, in Chatham County, within the Southern District of Georgia, Defendant **Alan Robert Fleming**, aided and abetted by others known and unknown, with the intent to defraud First National Bank, and to deceive the OCC and any agent and examiner appointed to examine the affairs of such financial

institution, knowingly made and caused to be made a material false entry in the books, reports and statements of First National Bank, in that Defendant **Fleming** knowingly made and caused to be made the RC LLC loan approval documents, which contained a false and fabricated personal financial statement of MD, and which fraudulently misrepresented, omitted and concealed, the ownership of the collateral for the loan, the history and purpose of the proposed debtor, the ability of RC LLC and MD to qualify for the recommended loan, and the true nature, purpose and terms of loan, including the intended use of the loan proceeds.

All done in violation of Title 18, United States Code, Section 1005.

## COUNT 15

*False Entries in Bank Records*

*18 U.S.C. § 1005*

38.    Paragraphs 1 through 37 of the Indictment are incorporated by reference as if fully set forth herein.

39.    On or about February 4, 2009, in Chatham County, within the Southern District of Georgia, Defendant **Alan Robert Fleming**, aided and abetted by others known and unknown, with the intent to defraud First National Bank, and to deceive the OCC and any agent and examiner appointed to examine the affairs of such financial institution, knowingly made and caused to be made a material false entry in the books, reports and statements of First National Bank, in that Defendant **Fleming** knowingly made and caused to be made the AS loan renewal documents, which fraudulently misrepresented, omitted and concealed the ability of AS to qualify for the recommended loan, and the true nature, purpose and terms of loan, including the intended use of the loan proceeds.

23

All done in violation of Title 18, United States Code, Section 1005.

## COUNT 16

*False Entries in Bank Records*

*18 U.S.C. § 1005*

40.  Paragraphs 1 through 39 of the Indictment are incorporated by reference as if fully set forth herein.

41.  On or about February 9, 2009, in Chatham County, within the Southern District of Georgia, Defendant **Alan Robert Fleming**, aided and abetted by others known and unknown, with the intent to defraud First National Bank, and to deceive the OCC and any agent and examiner appointed to examine the affairs of such financial institution, knowingly made and caused to be made a material false entry in the books, reports and statements of First National Bank, in that Defendant **Fleming** knowingly made and caused to be made the WW loan approval documents, which fraudulently misrepresented, omitted and concealed the ability of WW to qualify for the recommended loan, and the true nature, purpose and terms of loan, including the intended use of the loan proceeds.

All done in violation of Title 18, United States Code, Section 1005.

## COUNT 17

*False Statements to Influence Bank*

*18 U.S.C. § 1014*

42.  Paragraphs 1 through 41 of the Indictment are incorporated by reference as if fully set forth herein.

43.  On or about March 23, 2009, in Chatham County, within the Southern District of

24

Georgia, Defendants **Heys Edward McMath III and Isaac Jefferson Mulling**, aided and abetted by each other and by others, did knowingly make and cause to be made a material false statement to Montgomery Bank & Trust, a FDIC insured financial institution, namely the false and fraudulent representation that the terms of the Habersham Street development loan had not been renegotiated or compromised due to the deteriorating financial condition of the borrower, for the purpose of influencing the actions of Montgomery Bank & Trust,  namely the $1,000,000 participation in the Habersham Street development loan.

All done in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNTS 18 THROUGH 20

*Bank Fraud*

*18 U.S.C.§ 1344*

44.      Paragraphs 1 through 43 of the Indictment are incorporated by reference as if fully set forth herein.

45.      Beginning in or around November, 2007, and continuing through in or around September, 2009, in Chatham County, within the Southern District of Georgia, and elsewhere, the Defendants,

**HEYS EDWARD MCMATH III,**

**STEPHEN MICHAEL LITTLE,**

**ROBERT WILSON DAILEY, and**

**JEFFREY ALLEN FARRELL,**

knowingly executed and attempted to execute a scheme and artifice to defraud First National Bank and to obtain moneys under the custody and control of First National Bank by means of

25

false and fraudulent pretenses, representations and promises, using the manner and means identified below, which manner and means were material to the scheme and artifice.

### Dolphin Builders LLC Loans

46.    Beginning in or around 2006, First National Bank loaned over $1 million to Dolphin Builders LLC and related individuals and entities for the purpose of buying lots and building luxury homes on Dolphin Island, a dredge island just south of Richmond Hill, Georgia. By 2008, loan proceeds had been dispensed, the homes remained unfinished, and the loans with First National Bank were becoming delinquent and non-performing.

### Manner and Means of the Scheme and Artifice

47.    The manner and means through which the Defendants executed and attempted to execute the scheme and artifice consisted of the following:

(a)    It was part of the scheme and artifice that, in an effort to make it appear the Dolphin Builders LLC loans were performing, Defendant **Jeffrey Allen Farrell** would make loans to individual members of Dolphin Builders LLC, the proceeds of which would be used to make payments to the Dolphin Builders LLC loans.

(b)    It was further part of the scheme and artifice that Defendants **Heys Edward McMath III, Stephen Michael Little, Robert Wilson Dailey and Jeffrey Allen Farrell**, aided and abetted by each other, would cause First National Bank to loan DW over $675,000, under terms unfavorable to the bank, to allow DW to take over a non-performing loan of Dolphin Builders LLC.

(c)    It was further part of the scheme and artifice that Defendant **Jeffrey Allen Farrell**, aided and abetted by others, would prepare and submit to First National Bank false and

26

fraudulent loan approval documents with regard to proposed loans to DW. Within these documents, Defendant **Farrell** fraudulently misrepresented, omitted and concealed the recent appraisal report and value of the Dolphin Island property, the side agreements made with DW, and the true nature and purpose of the loan.

48.     On or about the dates identified below, each date constituting a separate Count, the Defendants identified below, aided and abetted by each other and others, using the manner and means identified above, knowingly executed and attempted to execute the scheme and artifice by causing First National Bank to issue loans and renewals of loans identified.

| Count | Defendants | Financial Institution | Loan Transaction | Loan Amount |
|-------|-----------|----------------------|------------------|-------------|
| 18 | Heys Edward McMath III, Stephen Michael Little, Robert Wilson Dailey, Jeffrey Allen Farrell | First National Bank | January 30, 2009 loan to DW | $620,743 |
| 19 | Heys Edward McMath III, Stephen Michael Little, Robert Wilson Dailey, Jeffrey Allen Farrell | First National Bank | January 30, 2009 loan to DW | $55,865 |
| 20 | Heys Edward McMath III, Stephen Michael Little, Robert Wilson Dailey, Jeffrey Allen Farrell | First National Bank | May 27, 2009 loan to DW | $676,608 |

All done in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT 21

*False Statements to Influence Bank*

*18 U.S.C. § 1014*

49.     Paragraphs 1 through 48 of the Indictment are incorporated by reference as if fully set forth herein.

50.     On or about December 17, 2007, in Chatham County, within the Southern District of Georgia, Defendant **Jeffrey Allen Farrell**, aided and abetted by others, did knowingly make and cause to be made a material false statement to First National Bank, namely the fraudulent representations made within the RB&SW loan approval documents, wherein Defendant **Farrell** omitted and concealed the existence of an additional loan to RB, and that a purpose of the $165,000 loan to RB&SW was to pay off the additional loan made by Defendant **Farrell** to RB.

All done in violation of Title 18, United States Code, Section 1014.

## COUNT 22

*False Entries in Bank Records*

*18 U.S.C. § 1005*

51.     Paragraphs 1 through 50 of the Indictment are incorporated by reference as if fully set forth herein.

52.     On or about January 27, 2009, in Chatham County, within the Southern District of Georgia, Defendant **Jeffrey Allen Farrell**, aided and abetted by others, with the intent to defraud First National Bank, and to deceive the OCC and any agent and examiner appointed to examine the affairs of such financial institution, knowingly made and caused to be made a material false entry in the books, reports and statements of First National Bank, in that the DW loan approval

28

documents prepared and submitted by Defendant **Farrell** fraudulently misrepresented, omitted and concealed the value and recent appraisal report of the collateral, the side agreements made with DW, and the true nature and purpose of the loan.

All done in violation of Title 18, United States Code, Section 1005.

## COUNT 23

*Bank Fraud*

*18 U.S.C. § 1344*

53.     Paragraphs 1 through 52 of the Indictment are incorporated by reference as if fully set forth herein.

54.     Beginning in or around March, 2008 and continuing through in or around December, 2008, in Chatham County, within the Southern District of Georgia, and elsewhere, the Defendants,

### HEYS EDWARD MCMATH III, and

### ROBERT WILSON DAILEY

aided and abetted by each other and others, knowingly executed and attempted to execute a scheme and artifice to defraud First National Bank and to obtain moneys under the custody and control of First National Bank by means of false and fraudulent pretenses, representations and promises, using the manner and means identified below, which manner and means were material to the scheme and artifice.

### SK Construction Inc. Loans

55.     First National Bank loaned hundreds of thousands of dollars to SK Construction Inc. for the purpose of buying residential lots and constructing homes in the Bloomingdale,

Georgia area. By 2008, SK Construction Inc. could no longer afford to make payments on the loans, and the loans were becoming delinquent and non-performing.

Manner and Means of the Scheme and Artifice

56.     The manner and means through which the Defendants executed and attempted to execute the scheme and artifice consisted of the following:

(a)     It was part of the scheme and artifice that, in an effort to make it appear the SK Construction Inc. loans were performing, Defendant **Robert Wilson Dailey** would cause First National Bank to make additional loans to SK Construction Inc., the proceeds of which would be used to make payments on the non-performing SK Construction Inc. loans.

(b)     It was further part of the scheme and artifice that Defendants **Heys Edward McMath III and Robert Wilson Dailey**, aided and abetted by each other and others, would cause First National Bank to loan PH LLC, a business controlled by DT, $193,000, under terms unfavorable to First National Bank, to allow PH LLC to take over non-performing loans of SK Construction Inc.

(c)     It was further part of the scheme and artifice that Defendant **Robert Wilson Dailey**, aided and abetted by others, would prepare and submit to First National Bank false and fraudulent loan approval documents with regard to a proposed loan to PH LLC totaling $193,000. Within these documents, Defendant **Dailey** would fraudulently misrepresent, omit and conceal the side agreements made with DT and PH LLC, and the true nature and purpose of the loan.

57.     On or about December 12, 2008, Defendants **Heys Edward McMath III and Robert Wilson Dailey**, aided and abetted by each other and others, using the manner and means

30

identified above, knowingly executed and attempted to execute the scheme and artifice by

causing First National Bank to issue loan proceeds in the amount of $193,000 to PH LLC.

All done in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT 24

*False Entries in Bank Records*

*18 U.S.C. § 1005*

58.  Paragraphs 1 through 57 of the Indictment are incorporated by reference as if fully

set forth herein.

59.  On or about December 11, 2008, in Chatham County, within the Southern District

of Georgia, Defendant **Robert Wilson Dailey**, aided and abetted by others, with the intent to

defraud First National Bank, and to deceive the OCC and any agent and examiner appointed to

examine the affairs of such financial institution, knowingly made and caused to be made a

material false entry in the books, reports and statements of First National Bank, in that Defendant

**Dailey** knowingly made and caused to be made the PH LLC loan approval documents, which

fraudulently misrepresented, omitted and concealed the side agreements made with DT and PH

LLC, and the true nature and purpose of the loan to PH LLC.

All done in violation of Title 18, United States Code, Section 1005.

## COUNTS 25 THROUGH 29

*Bank Fraud*

*18 U.S.C. § 1344*

60.  Paragraphs 1 through 59 of the Indictment are incorporated by reference as if fully

set forth herein.

31

61.     Beginning in or around April, 2008 and continuing through in or around July, 2009, in Chatham County, within the Southern District of Georgia, and elsewhere, the Defendants,

## HEYS EDWARD MCMATH III,

## ROBERT WILSON DAILEY,

## ISAAC JEFFERSON MULLING, and

## ALAN ROBERT FLEMING,

aided and abetted by each other and by others, knowingly executed and attempted to execute a scheme and artifice to defraud First National Bank and to obtain moneys under the custody and control of First National Bank by means of false and fraudulent pretenses, representations and promises, using the manner and means identified below, which manner and means were material to the scheme and artifice.

### Abercorn LLC Development Loans

62.     By 2008, First National Bank had loaned millions of dollars to Abercorn LLC and related individuals and entities for the purpose of developing several commercial properties in and around Savannah.  At this time, the Abercorn LLC and related loans were becoming delinquent and non-performing, and First National Bank had reached its legal lending limit as to Abercorn LLC and related individuals and entities.

### Manner and Means of the Scheme and Artifice

63.     The manner and means through which the Defendants executed and attempted to execute the scheme and artifice consisted of the following:

(a)     It was part of the scheme and artifice that Defendants **Heys Edward**

32

**McMath III and Isaac Jefferson Mulling**, aided and abetted by each other and others, would cause First National Bank to loan KC $1,123,000, to allow KC to take over a non-performing loan held by members of Abercorn LLC, under terms unfavorable to First National Bank.

(b)     It was further part of the scheme and artifice that Defendant **Isaac Jefferson Mulling**, aided and abetted by others, would prepare and submit to First National Bank false and fraudulent loan approval documents with regard to the proposed $1,123,000 loan to KC. Within these loan documents, Defendant **Mulling** would fraudulently misrepresent, omit and conceal the value and status of the collateral, the side agreements made with KC, and the true nature and purpose of the loan.

(c)     It was further part of the scheme and artifice that Defendants **Heys Edward McMath III, Isaac Jefferson Mulling, Alan Robert Fleming** and **Robert Wilson Dailey**, aided and abetted by each other, would cause First National Bank to loan PDJ approximately $1.2 million, under terms unfavorable to First National Bank, to allow PDJ to take over other non-performing loans with First National Bank, including the loan to KC, which itself became non-performing and delinquent.

(d)     It was further part of the scheme and artifice that Defendants **Alan Robert Fleming** and **Isaac Jefferson Mulling**, aided and abetted by each other and others, would prepare and submit to First National Bank false and fraudulent loan approval documents with regard to the proposed loans to PDJ. Within these loan documents, Defendants **Fleming** and **Mulling**, aided and abetted by each other and others, would fraudulently misrepresent, omit and conceal hidden side agreements made with PDJ, and the true nature and purpose of the loans.

(e)     It was further part of the scheme and artifice that Defendants **Heys**

**Edward McMath III and Isaac Jefferson Mulling**, aided and abetted by each other and others, would cause First National Bank to loan WLP, a business organization over which CS had control, approximately $3,000,000, under terms unfavorable to First National Bank, to allow WLP to take over another non-performing loan of Abercorn LLC.

(f)     It was further part of the scheme and artifice that Defendant **Isaac Jefferson Mulling**, aided and abetted by others, would prepare and submit to First National Bank false and fraudulent loan approval documents with regard to the proposed loan to WLP. Within these loan documents, Defendant **Mulling** would fraudulently misrepresent, omit and conceal hidden side agreements made with CS and WLP, and the true nature and purpose of the loan.

(g)     It was further part of the scheme and artifice that Defendants **Heys Edward McMath III and Robert Wilson Dailey**, would cause First National Bank to loan JF $1,419,000, under terms unfavorable to First National Bank, to allow JF to take over another non-performing loan of Abercorn LLC.

(h)     It was further part of the scheme and artifice that Defendant **Robert Wilson Dailey**, aided and abetted by others, would prepare and submit to First National Bank false and fraudulent loan approval documents with regard to a proposed loan to JF. Within these documents, Defendant **Dailey** would fraudulently misrepresent, omit and conceal hidden side agreements made with JF, and the true nature and purpose of the loans.

64.     On or about the dates identified below, each date constituting a separate Count, the Defendants identified below, aided and abetted by each other and others, using the manner and means identified above, knowingly executed and attempted to execute the scheme and

34

artifice by causing First National Bank to issue loans and renewals of loans identified.

| Count | Defendants | Financial Institution | Loan Transaction | Loan Amount |
|---|---|---|---|---|
| 25 | Heys Edward McMath III, Robert Wilson Dailey, Isaac Jefferson Mulling | First National Bank | April 18, 2008 loan to KC | $1,123,000 |
| 26 | Heys Edward McMath III, Robert Wilson Dailey, Isaac Jefferson Mulling, Alan Robert Fleming | First National Bank | October 24, 2008 loan to PDJ | $956,000 |
| 27 | Heys Edward McMath III, Robert Wilson Dailey, Isaac Jefferson Mulling, Alan Robert Fleming | First National Bank | December 16, 2008 loan to WLP LLC | $2,987,500 |
| 28 | Heys Edward McMath III, Robert Wilson Dailey, Isaac Jefferson Mulling, Alan Robert Fleming | First National Bank | December 29, 2008 line of credit to PDJ | $254,000 |
| 29 | Heys Edward McMath III, Robert Wilson Dailey | First National Bank | December 30, 2008 loan to JF | $1,419,950 |

All done in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT 30

*False Entries in Bank Records*

*18 U.S.C. § 1005*

65.     Paragraphs 1 through 64 of the Indictment are incorporated by reference as if fully set forth herein.

66.     On or about April 16, 2008, in Chatham County, within the Southern District of Georgia, Defendant **Isaac Jefferson Mulling**, aided and abetted by others, with the intent to defraud First National Bank, and to deceive the OCC and any agent and examiner appointed to examine the affairs of such financial institution, knowingly made and caused to be made a material false entry in the books, reports and statements of First National Bank, in that Defendant **Mulling** knowingly made and caused to be made the KC loan approval documents, which fraudulently misrepresented, omitted and concealed the value and status of the collateral for the loan, the hidden side agreements made with KC, and the true nature and purpose of the loan.

All done in violation of Title 18, United States Code, Section 1005.

## COUNT 31

*False Entries in Bank Records*

*18 U.S.C. § 1005*

67.     Paragraphs 1 through 66 of the Indictment are incorporated by reference as if fully set forth herein.

68.     On or about October 21, 2008, in Chatham County, within the Southern District of Georgia, Defendants **Alan Robert Fleming** and **Isaac Jefferson Mulling**, aided and abetted by each other and by others, with the intent to defraud First National Bank, and to deceive the

OCC and any agent and examiner appointed to examine the affairs of such financial institution, knowingly made and caused to be made a material false entry in the books, reports and statements of First National Bank, in that Defendants **Fleming** and **Mulling** knowingly made and caused to be made the PDJ loan approval documents, which fraudulently misrepresented, omitted and concealed the unfavorable side agreements made with PDJ and the true nature and purpose of the loan.

All done in violation of Title 18, United States Code, Sections 1005 and 2.

## COUNT 32

*False Entries in Bank Records*

*18 U.S.C. § 1005*

69.    Paragraphs 1 through 68 of the Indictment are incorporated by reference as if fully set forth herein.

70.    On or about December 3, 2008, in Chatham County, within the Southern District of Georgia, Defendant **Isaac Jefferson Mulling**, aided and abetted by others, with the intent to defraud First National Bank, and to deceive the OCC and any agent and examiner appointed to examine the affairs of such financial institution, knowingly made and caused to be made a material false entry in the books, reports and statements of First National Bank, in that Defendant **Mulling** made and caused to be made the WLP loan approval documents, which fraudulently misrepresented, omitted and concealed the side agreements made with WLP, and the true nature and purpose of the loan.

All done in violation of Title 18, United States Code, Section 1005.

37

## COUNT 33

*False Entries in Bank Records*

*18 U.S.C. § 1005*

71.     Paragraphs 1 through 70 of the Indictment are incorporated by reference as if fully set forth herein.

72.     On or about December 29, 2008, in Chatham County, within the Southern District of Georgia, Defendant **Robert Wilson Dailey**, aided and abetted by others, with the intent to defraud First National Bank, and to deceive the OCC and any agent and examiner appointed to examine the affairs of such financial institution, knowingly made and caused to be made a material false entry in the books, reports and statements of First National Bank, in that Defendant **Dailey** made and caused to be made the JF loan approval documents, which fraudulently misrepresented, omitted and concealed the hidden side agreements made with JF, and the true nature and purpose of the loan.

All done in violation of Title 18, United States Code, Section 1005.

## COUNT 34

*Misapplication of Bank Funds*

*18 U.S.C. § 656*

73.     Paragraphs 1 through 72 of the Indictment are incorporated by reference as if fully set forth herein.

74.     On or about January 29, 2009, in Chatham County, within the Southern District of Georgia, Defendants **Heys Edward McMath III and Alan Robert Fleming**, being officers of First National Bank, aided and abetted by each other, and with the intent to defraud First National

38

Bank, willfully misapplied moneys, funds and credits of First National Bank, in that Defendants **McMath and Fleming** caused the bank to fund a $19,500 loan to GS, knowing that the loan proceeds would not be used for the stated purpose.

All done in violation of Title 18, United States Code, Sections 656 and 2.

## COUNT 35

*False Statements to Influence Bank*

*18 U.S.C. § 1014*

75.     Paragraphs 1 through 76 of the Indictment are incorporated by reference as if fully set forth herein.

76.     On or about January 29, 2009, in Chatham County, within the Southern District of Georgia, Defendant **Alan Robert Fleming**, aided and abetted by others, did knowingly make and cause to be made a material false statement to First National Bank, namely the false and fraudulent representation that the proposed loan to GS would be used for personal expenses, when as Defendant **Fleming** well knew, the proceeds of the loan to GS would be used to make payments on numerous other loans of First National Bank related to BE.

All done in violation of Title 18, United States Code, Section 1014.

## FORFEITURE ALLEGATION

1.     The allegations contained in Counts 1 through 35 of this Indictment are incorporated hereby reference as if fully set forth herein, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2.      Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1344, 656, 1005 and 1014 set forth in Counts 2 through 35 of this Indictment, the Defendants,

**HEYS EDWARD MCMATH III,**

**STEPHEN MICHAEL LITTLE,**

**ROBERT WILSON DAILEY,**

**ISAAC JEFFERSON MULLING,**

**JAY PATRICK GARDNER,**

**ALAN ROBERT FLEMING, and**

**JEFFREY ALLEN FARRELL,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation).

3.      If any of the property described above, as a result of any act or omission of the Defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

40

21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c).

A TRUE BILL.

_____
Foreperson

Edward J. Tarver
United States Attorney

James D. Durham*
First Assistant United States Attorney

Brian T. Rafferty
Assistant United States Attorney
Criminal Division Chief

Jennifer Solari*
Assistant United States Attorney

\* denotes lead counsel

41